UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BOLING CONCRETE CONSTRUCTION, )
INC., )
 )
       Plaintiff, )
 )
   vs. )       No. 4:07-CV-1534 (CEJ)
 )
SOMERO ENTERPRISES, INC., )
 )
       Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to clarify the Case Management Order's instructions regarding expert witness disclosures and depositions. Defendant opposes the motion.

The Case Management Order provides that:

> **Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than April 1, 2008, and shall make expert witnesses available for depositions, and have depositions completed, no later than April 15, 2008.**

Plaintiff disclosed the identities of thirteen individuals who "may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Plaintiff did not provide any expert reports for these individuals, contending that it was not required to do so under Fed.R.Civ.P. 26(a)(2) or the Case Management Order. Plaintiff notes that Rule 26(a)(2) requires a written expert report only for any "witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." Fed.R.Civ.P. 26(a)(2). Plaintiff does not believe that any of its designated experts meet this description. Plaintiff contends that, while all but one of the expert witnesses are plaintiff's employees, their

duties do not "regularly involve giving expert testimony."  Thus, plaintiff argues, no expert report is necessary.

Defendant contends that the Case Management Order requires expert reports for all experts designated by plaintiff.  Therefore, defendant urges, even if the reports are not required under Rule 26(a)(2), they are required to be produced under the Case Management Order.  Defendant filed this motion to clarify the expert report requirement.

The Case Management Order imposes an obligation on plaintiff to provide expert reports for all experts designated by plaintiff to be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  Plaintiff's contention that its expert witnesses are "exempt" from the report requirement is inconsistent with the purpose of the Rule 26 Amendments.[1]  Plaintiff's expert witness designation provides only a brief summary of the types of opinion testimony that can be expected from the witnesses.  Without a more detailed description of what expert testimony to expect, defendant has no choice but to depose each of the thirteen individuals listed by plaintiff, even if such deposition would have been unnecessary had their opinion testimony been more fully disclosed.  This result is inconsistent with the purpose of Rule 26 and is not what the Court contemplated when ordering the parties to exchange expert reports.  The Court will grant defendant's motion and order plaintiff to provide the expert reports to defendant.  In doing

---

[1] The amendments to Rule 26 were intended to aid in the "elimination of unfair surprise to the opposing party and the conservation of resources." Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995).

so, the Court recognizes the necessity of extending the time for the remainder of expert discovery.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for clarification [#27] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall, not later than **May 12, 2008**, provide expert reports for those witnesses designated by plaintiff as someone who may be used at trial to present expert testimony. Plaintiff shall make expert witnesses available for depositions, and have depositions completed not later than **May 27, 2008**.

**IT IS FURTHER ORDERED** that defendant shall disclose all expert witnesses and shall provide the necessary reports not later than **June 9, 2008**, and shall make expert witnesses available for depositions, and have depositions completed, not later than **June 24, 2008**.

**IT IS FURTHER ORDERED** that plaintiff shall disclose any rebuttal expert witnesses not later than **July 9, 2008**, and make them available for depositions, and have depositions completed, not later than **July 21, 2008**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2008.